415 So.2d 622 (1982)
Mr. and Mrs. Wilfred WYBLE, Plaintiffs-Appellants,
v.
ST. LUKE GENERAL HOSPITAL, et al., Defendants-Appellees.
No. 8825.
Court of Appeal of Louisiana, Third Circuit.
May 26, 1982.
*623 Domengeaux & Wright, Robert K. Tracy, Lafayette, for plaintiffs-appellants.
Watson, Blanche, Wilson & Posner, William E. Scott, III, and Peter Dazzio, Baton Rouge, for defendants-appellees.
Before GUIDRY, STOKER and LABORDE, JJ.
LABORDE, Judge.
Plaintiff-appellants, Mr. and Mrs. Wilfred Wyble, brought suit against St. Luke General Hospital and its insurer, All Risk Corporation of Louisiana, Inc., for personal injuries sustained by Mrs. Wyble while receiving treatment in St. Luke General Hospital. The personal injuries were allegedly caused by an unknown employee of the x-ray department who tripped over an IV tubing and dislodged the IV needle located in Mrs. Wyble's wrist while she was waiting to be x-rayed.
The Wybles filed suit in the district court and also filed with the medical review panel in accordance with LSA-R.S. 40:1299.47. St. Luke General Hospital and its insurer, All Risk Corporation of Louisiana, Inc., filed an exception of prematurity to the district court petition, claiming that under the Medical Malpractice Act, the petitioners' claim must first be reviewed by a medical review panel. The trial court sustained the exception of prematurity and dismissed plaintiffs-appellants' state court suit without prejudice pending a determination by the medical review panel. From this judgment, the plaintiffs have perfected this appeal. We affirm.
The sole issue on appeal is whether the trial court erred in finding that plaintiffs' claim falls under the purview of the Medical Malpractice Act such that their suit in district court was premature.
The Medical Malpractice Act requires that "all malpractice claims against health care providers" covered under the Act must be submitted to a medical review panel prior to filing of suit. LSA-R.S. 40:1299.47 A and B. Even though plaintiffs did file their claim with the board, they now allege that the filing was unnecessary because the claim is one of simple negligence governed by Civil Code Article 2315 and not one of malpractice governed by the Medical Malpractice Act. Finding that plaintiffs' claim meets each definitional requirement of the Act, we disagree with plaintiffs' contentions.
Under the Act, a "health care provider" is defined broadly to include a hospital and its employees acting in the course and scope of their employment. LSA-R.S. 40:1299.41 A 1. Clearly, the unknown x-ray department employee is an employee of the hospital and no allegation has been made that the employee was acting other than in the course and scope of his employment when the alleged accident occurred.
"Malpractice", as it is used in the Act, also enjoys a broad definition as it includes any unintentional tort based on health care *624 rendered by a health care provider to the patient. LSA-R.S. 40:1299.41 A 8. "Health care" includes any act or treatment performed or furnished by a health care provider for, to, or on behalf of a patient during the patient's medical care, treatment, or confinement. LSA-R.S. 40:1299.41 A 9. The alleged tort suffered by Mrs. Wyble was one arising out of treatment rendered during her stay in the hospital and there are no allegations that it was an intentional tort.
An argument similar to the one advanced in the present suit was raised in Cashio v. Baton Rouge General Hospital, 378 So.2d 182 (La.App. 1st Cir. 1979). In that case, plaintiff argued that the Medical Malpractice Act did not apply because the defendant-hospital could be found liable under the strict liability articles of the Civil Code. Our brothers of the First Circuit rejected the argument, correctly we feel, explaining:
"We do not have to conclude in this case whether hospitals can be held liable without fault under those articles. Instead we hold, based upon our understanding of the legislative intent, that any conduct complained of should be handled under the procedure of the Act if it can be reasonably said that it comes within the definitions of the Act even though there may be alternative theories for liability."
In connection with our discussion of the definitions of the Act and their applicability to the facts presented in the instant case, we find the holding in the Cashio case to be equally applicable here. We therefore conclude that plaintiffs' claim is one of malpractice governed by the Medical Malpractice Act and as such, defendants' exception of prematurity was correctly sustained and the suit dismissed without prejudice.
Plaintiffs further complain that the requirement of the Act that a medical review panel render a ruling prior to a court determination denies them their constitutional right of due process. Our Supreme Court answered the very same contention in Everett v. Goldman, 359 So.2d 1256 (La. 1978), as follows:
"The act provides, at the expense of a delay in filing the suit in court, a procedure for review of the claim. The panel determines from the evidence submitted whether there is a basis for the claim, and gives its opinion accordingly. If the panel determines the claim is substantial, the claimant obviously is benefited. If the panel determines the claim is groundless, the claimant is informed of what certain medical experts think of the merits of his claim. If he disagrees with their analysis he may still sue for a vindication of his rights in a court of law. The law specifically provides that prescription does not run during the period the matter is subject to consideration by the medical review panel and for a period of ninety days following its opinion.
Moreover, the fact that the plaintiff may not pray in his petition for a specified monetary sum does not restrict the judge's or jury's setting of damages. And these provisions do not restrict plaintiff's recovery.
In all cases which go to trial the judge or jury remain the final arbiter of factual questions concerning liability and quantum. We find that these two provisions are reasonable, and that they do not unconstitutionally restrict access to the courts. See Prendergast v. Nelson, 199 Neb. 97, 256 N.W.2d 657 (1977); Comiskey v. Arlen, 55 A.D.2d 304, 390 N.Y.S.2d 122 (2d Dept. 1976)."
See also Vincent v. Ramagosa, 390 So.2d 270 (La.App. 3rd Cir. 1980), writs refused, 396 So.2d 901 (La.1981).
The Wybles' final contention is that we decide this case according to equity under Civil Code Article 21. Article 21 is applicable only where "there is no express law." As previously discussed, we hold that the Medical Malpractice Act is applicable, thus we may not decide the case according to equity.
For these reasons, the decision of the trial court maintaining defendants' exception of prematurity is affirmed. All costs of this appeal are assessed to plaintiffs.
AFFIRMED.