426 So.2d 1348 (1983)
The FIRST NATIONAL BANK OF SHREVEPORT, Plaintiff-Appellant,
v.
Ruth May CRAWFORD, Defendant-Appellee.
No. 15,129-CA.
Court of Appeal of Louisiana, Second Circuit.
January 17, 1983.
*1349 Blanchard, Walker, O'Quin & Roberts by J. Jay Caraway, Shreveport, for plaintiff-appellant.
Cook, Yancey, King & Calloway by James Robert Jeter, Shreveport, for defendant-appellee.
Before PRICE, SEXTON and NORRIS, JJ.
NORRIS, Judge.
The First National Bank of Shreveport, hereinafter referred to as the "Bank" appeals a judgment of the trial court dismissing its suit on a promissory note because of the failure of the Bank to amend its suit to join two other co-makers on the note in compliance with the trial court's earlier order sustaining an exception of non joinder of necessary parties filed by defendant, Ruth May Crawford.
On March 29, 1982, the Bank sued Ruth May Crawford for $2,053,007.68 together with interest and attorney's fees alleging that it was the holder of a promissory note executed by Mrs. Crawford, Maxey G. Howe, and Dena C. Howe, in the amount of $2,250,000 dated January 28, 1980, due on demand bearing 12% per annum interest and providing for an award of 10% attorney's fees on the total principal and interest due. The petition further alleges that the co-makers are solidary obligors under the terms of the note in question, a copy of which is attached and incorporated into the original petition; reserves all rights against the co-makers not made party defendants; and prays for recognition of its rights on a mortgage on immovable property executed contemporaneously with and securing the note.
Thereafter, defendant filed exceptions of prematurity, non joinder of necessary parties and vagueness, contending in connection with the exception of non joinder of necessary parties that the note sued upon constitutes a joint obligation thereby making Mr. and Mrs. Howe necessary parties to this suit.
At the hearing on the exceptions, an order granting relief under Chapter 11 of the United States Code in the United States Bankruptcy Court in proceedings entitled "In Re Maxey Gregg Howe and Dena Crawford Howe d/b/a Kickapoo Dairy Farm," dated February 19, 1982, was filed into evidence. Also filed into evidence was an "Order Authorizing Debtors in Possession" signed on the same date as the aforementioned "Order for Relief." The "Order Authorizing Debtors in Possession" authorizes the Howes to continue to possess and *1350 manage their property and to operate their business and contains an injunction and stay order. Other filings at the hearing on the exceptions show that the property on which the Howes operate their dairy business includes the property on which the Bank holds the mortgage. That property is owned in indivision by Mrs. Howe and her mother, Mrs. Crawford, title having passed to Mrs. Howe through the succession of her father, Robert Herman Crawford.
Only Mr. and Mrs. Howe were called to testify at the hearing on the exceptions. Mr. Howe testified that he operates a dairy business on land which includes the mortgaged tract, referred to during the hearing as the "Crawford Place," and that Chapter 11 proceedings were filed by the Howes with the intention of accomplishing a plan of reorganization for the business. He further testified that it was necessary to the success of the plan that he be allowed to operate the dairy farm on the Crawford Place. The testimony of Mr. Howe was confirmed by that of his wife. It was then stipulated that there are assets belonging to Mrs. Crawford which are not covered by the mortgage held by the Bank.
After considering the evidence, the trial court found no merit to the exceptions of vagueness and prematurity but sustained the exception of non joinder of necessary parties to this action. The Bank's counsel indicated he would amend the petition to add the Howes as party defendants, and the trial court allowed fifteen days for amendment of the original petition. However, the Bank thereafter filed a Motion to Reconsider in lieu of an Amended Petition and did not amend its original suit. Because the Bank failed to amend its original petition to join the Howes, the trial court granted Mrs. Crawford's Motion to Dismiss and signed a judgment dismissing the Bank's action without prejudice. It is from this judgment that the Bank appeals assigning the following error:
The trial court's ruling erroneously requires joinder of parties whose estates are exclusively within the jurisdiction of the federal bankruptcy court and whose interests cannot be affected by this suit which is directed solely against the appellee.
Additionally, the Bank asserts that the following issues are contained within this appeal:
(1) Are the Howes necessary parties to this action? [and]
(2) Does the jurisdiction of the bankruptcy court which automatically stays the institution of state court proceedings against the Howes prevent their joinder in this suit in accordance with La.C.C.P. Art. 642?
We answer both questions affirmatively and reverse and remand.
We initially note that although the petition alleges that Mrs. Crawford is a solidary obligor with Mr. and Mrs. Howe on the note being sued upon, that the copy of the note incorporated as a part of the petition was considered by the trial court in arriving at its determination that the Howes were necessary parties whose joinder was required. Additionally, it is noteworthy that counsel for the Bank concedes that the obligation is joint rather than solidary.
The note sued upon reads as follows:
*1351 
In Johnson v. Jones-Journet, 320 So.2d 533 (La.1975), the court stated:
It is well settled that absent additional promissory language, the words "[we] promise to pay" in a note signed by co-makers are insufficient to constitute the express stipulation of liability in solido required by law. In such a case, the obligation is considered to be joint, and the liability of each co-maker is limited to his virile share of the obligation. [Footnote omitted.]
Therefore, construing the language of the court in Johnson v. Jones-Journet, supra, and applying it to the terminology of the note being sued upon with the admission of counsel for plaintiff in the instant case, we conclude that the obligation made the object of this suit is joint.
La.C.C.P. Art. 643 provides in pertinent part:
All joint obligees are necessary parties to an action to enforce a joint right, and all joint obligors are necessary parties to an action to enforce a joint obligation.
Therefore, the Howes, as joint obligors on the note, are necessary parties to this lawsuit.
La.C.C.P. Art. 642 provides:
Necessary parties to an action are those whose interests in the subject matter are separable and would not be directly affected by the judgment if they were not before the court, but whose joinder would be necessary for a complete adjudication of the controversy.
An adjudication of an action may be made even if all necessary parties are not joined therein, but when timely objection is made to the nonjoinder of a necessary party the court shall require his joinder if he is subject to its jurisdiction. [Emphasis added.]
Thus, when timely objection of non joinder of a necessary party is made, *1352 the court must require that party's joinder if he is subject to the jurisdiction of the trial court. Consequently, the ultimate question presented for resolution in this appeal is whether or not the Howes are subject to the jurisdiction of the state court to be sued upon a debt that existed prior to their filing bankruptcy, which suit would be filed after an Order for Relief under Chapter 11 of the bankruptcy law has been signed and after the Bankruptcy Court has issued a stay order directed to all of their creditors and other entities prohibiting the commencement of any judicial proceeding against them for the enforcement of any claim against them?
28 U.S.C. § 1471 provides:
(a) Except as provided in subsection 1(b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.
(c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.
(d) Subsection (b) or (c) of this section does not prevent a district court or a bankruptcy court, in the interest of justice, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. Such abstention, or a decision not to abstain, is not reviewable by appeal or otherwise.
(e) The bankruptcy court in which a case under title 11 is commenced shall have exclusive jurisdiction of all of the property, wherever located, of the debtor, as of the commencement of such case.
Our review of the jurisprudence leads us to conclude that Section 1471 vests the Bankruptcy Court for the Western District of Louisiana with original jurisdiction over the Chapter 11 debtors [the Howes], all civil proceedings pertaining to these debtors [the Howes] arising in or related to their Chapter 11 proceeding and vests the Bankruptcy Court with exclusive jurisdiction over the debtors' [the Howes'] property, wherever located. The assumption of jurisdiction by the Bankruptcy Court pre-empts jurisdiction over all other courts, except for direct appeals to [federal] courts of appellate jurisdiction. See In Re Coleman Am. Companies, Inc., 8 B.R. 384 (Bkrtcy.D.Kan.1981).
The record adequately reveals that the Howes have filed Chapter 11 bankruptcy proceedings, that the debt made the subject of this suit, insofar as it relates to the Howes and the property securing that obligation insofar as it forms a part of the Howes' estate, is a part of the bankruptcy proceeding.
The automatic stay order provided for by 11 U.S.C. § 362[1] has issued as has the following *1353 specific stay order issued by the Bankruptcy Court in the exercise of its original and exclusive jurisdiction:
Until further order of this Court, pursuant to 11 U.S.C. § 362, effective as of the date of the filing of the original petition herein under Title 11, U.S.C., all sheriffs, marshals, officers, and creditors, their respective attorneys, servants, agents, employees, and all other persons, firms, corporations or applicable entities[2] be, and they hereby are, jointly and severally enjoined and stayed from:
a) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtors that was or could have been commenced before the commencement of this case, or to recover a claim against the debtors that arose before the commencement of this case;
b) the enforcement, against the debtors or against property of the estate, of a judgment obtained before the commencement of this case;
c) any act to obtain possession of property of the estate or from the estate;
d) any act to create, perfect, or enforce any lien against property of the estate;
e) any act to create, perfect, or enforce against property of the debtors any lien to the extent that such lien secures a claim that arose before the commencement of this title;
f) any act to collect, assess, or recover a claim against the debtors that arose before the commencement of this case;
g) the set-off of any debt owing to the debtors that arose before the commencement of this case against any claim against the debtors;
h) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtors;
i) doing any act or thing whatsoever to interfere with the possession or management of said debtors in possession of the property and assets of this estate, or in any way interfere with said debtors in possession in the discharge of the debtors' duties herein, or to interfere with said debtors in possession in the discharge and jurisdiction of this Court over said debtors and their properties;
j) removing or interfering with any property of the estate or any property, including any lands or buildings occupied by the debtors in possession; and
k) disturbing, interfering with, or interrupting utility services, including, but not limited to, the furnishing of gas, heat, electricity, water, telephone (including present telephone numbers) or any other utility of like kind furnished the debtors.
Therefore, the conclusion is obvious. The Bankruptcy Court, through the exercise *1354 of its jurisdiction, has pre-empted the jurisdiction of the state court over a cause of action against the Howes on the debt sought to be enforced. The debt, as it relates to the Howes, the Howes themselves, and their property are now necessarily within the exclusive jurisdiction of the Bankruptcy Court. The state court no longer has jurisdiction over the Howes regarding this debt or their property during the pendency of the bankruptcy proceeding.
To hold otherwise and to require the Bank to sue the Howes in state court would subject the Bank to contempt for violating the stay order to which it acknowledges that it is subject. See In Re Coleman Am. Companies, Inc., supra.
Additionally, to hold otherwise would circumvent the clear purpose of the federal legislation as pointed out in In Re Coleman Am. Companies, Inc. as follows:
... One of the purposes of bankruptcy is to afford debtors the ability to bring order to their affairs. As stated in Fidelity Mortgage Investors, supra [550 F.2d 47] at 55, 57 [2 Cir.1976] the need to centralize bankruptcy-related proceedings and prevent a chaotic scramble for the debtor's assets is an interest of paramount importance in the bankruptcy laws. The automatic stay of Rule 11-44 is designed to prevent a chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts. The stay insures that the debtor's affairs will be centralized, initially, in a single forum in order to prevent conflicting judgments from different courts and in order to harmonize all the creditors' interests with one another. This statement is repeated in varying forms in numerous cases, cf. Bohack Corp. v. Borden, Inc., 599 F.2d 1160 (2nd Cir.1979). Though these cases were decided prior to the Bankruptcy Reform Act of 1978, they are no less applicable now. The clear intent of the Code is the same. If it were otherwise, a debtor, be he in Chapter 7, 11 or 13, rather than have his litigation centralized would be amenable to suit throughout the United States, its territories and possessions. Precious energy and resources would be expended by those debtors who could afford travel and other expenses related to litigating in multiple jurisdictions. For those who could not afford the travel and expense, default would await.
In summary, we conclude that the Bankruptcy Court under authority of 28 U.S.C. § 1471 has original and exclusive jurisdiction over this case insofar as it relates to the Howes and their property. Once the Bankruptcy Court exercised its original jurisdiction over the Howes by granting relief under Chapter 11, including the stay order, the jurisdiction of the Bankruptcy Court pre-empted the jurisdiction of the state court over the Howes and this debt, insofar as it relates to the Howes during the pendency of the bankruptcy proceedings. Therefore, the Howes are not subject to the jurisdiction of the state court for the purpose of any action which seeks to enforce against them any debt which is a subject of the Chapter 11 proceedings. La.C.C.P. Art. 642. Cf. X-L Finance Co. v. Fenske, 197 So.2d 182 (La.App. 1st Cir.1967); Carpenter v. X-L Finance Co., 195 So.2d 156 (La.App. 1st Cir.1967); Pinsonat v. Skinner, 125 So.2d 216 (La.App. 3d Cir.1960).
Therefore, even though the Howes may be necessary parties to this proceeding and an exception of non joinder was timely filed, we conclude that they fall within that class of persons who are not within the jurisdiction of the state court for the purpose of this action, and the trial court was in error in requiring their joinder as parties-defendants.
Accordingly, the ruling of the trial court dismissing the Bank's action was erroneous and is reversed.
Mrs. Crawford has answered this appeal asserting that in the event we reverse the judgment of the trial court, then that judgment should be modified to stay further *1355 proceedings by the Bank against Mrs. Crawford pending the disposition of the proceedings in the Bankruptcy Court. Under the new bankruptcy law, the Bankruptcy Court's jurisdiction has been greatly expanded and now relates to all civil proceedings arising under title 11 or arising in or related to cases under title 11. 28 U.S.C. § 1471(b). Thus, jurisdiction exists in that court to hear any matter which is related to or in any way connected with title 11 cases. Once it can be shown that this action is sufficiently connected to the bankruptcy proceeding, then the Bankruptcy Court would have the power to enjoin this action against a co-debtor, here, Mrs. Crawford. First Federal Savings and Loan Assoc. of Little Rock v. Pettit, 510 F.Supp. 226 (E.D. Ark.1981). Therefore, this request for relief is more properly brought in the Bankruptcy Court.
In effect, what Mrs. Crawford is asking this court to do in her answer to the appeal and by brief is to review the propriety of the trial court's denial of the other dilatory exceptions. Absent a showing of irreparable injury, there is no appeal from an interlocutory judgment which denies exceptions. La.C.C.P. Art. 2083. There has been no showing of irreparable injury made herein; therefore, we do not consider Mrs. Crawford's answer to this appeal.
For the foregoing reasons, the judgment of the trial court is reversed, and the case is remanded to the district court for proceedings consistent with this opinion. Costs of this appeal are cast against the defendant.
JUDGMENT REVERSED AND REMANDED.
NOTES
[1] 11 U.S.C. § 362 provides in pertinent part:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of
(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
(3) any act to obtain possession of property of the estate or of property from the estate;
(4) any act to create, perfect, or enforce any lien against property of the estate;
(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and
(8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.
* * * * * *
(c) Except as provided in subsections (d), (e), and (f) of this section
(1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate; and
(2) the stay of any other act under subsection (a) of this section continues until the earliest of
(A) the time the case is closed;
(B) the time the case is dismissed; and
(C) if the case is a case under Chapter 7 of this title concerning an individual or a case under chapter 9, 11, or 13 of this title, the time a discharge is granted or denied.
[2] An entity under the Bankruptcy Code "includes any person, estate, trust, governmental unit." 11 U.S.C. § 101(14). "Governmental unit" includes the United States or any state. In the Matter of Troy Indus. Catering Service, 2 B.R. 521 (Bkrtcy.E.D.Mich.1980). A state court is a governmental unit for the purposes of the interpretation of "applicable entities" as contained within the instant stay order; therefore, it is obvious that the stay order is not only addressed to all creditors, including the Bank, but also to the trial court and its officers.