458 So.2d 579 (1984)
Clarence HEAD, Plaintiff-Appellee,
v.
ERATH GENERAL HOSPITAL, INC., et al., Defendant-Appellant.
No. 83-909.
Court of Appeal of Louisiana, Third Circuit.
October 10, 1984.
Rehearing Denied November 26, 1984.
Writ Denied January 14, 1985.
*580 Watson, Blanche, Wilson & Posner, Todd A. Rossi, Baton Rouge, for defendant-appellant.
Malcolm Brasseaux, Church Point, and Andrus, Preis & Kraft, Gregory E. Tonore, Lafayette, for plaintiff-appellee.
Before FORET, STOKER and KNOLL, JJ.
FORET, Judge.
Plaintiff, Clarence Head, filed suit against defendant, Erath General Hospital, Inc. and its liability insurer, Allrisk Corporation of Louisiana, seeking to recover damages for personal injuries sustained on April 1, 1983, while plaintiff was a patient in Erath General Hospital. Defendant hospital filed a dilatory exception of prematurity and peremptory exceptions of no cause and no right of action. The trial court overruled defendant's exceptions, and defendant appealed. The trial court stayed all proceedings pending defendant's appeal.
Defendant's appeal presents two issues for this Court's determination:
(1) Whether the trial court's overruling of defendant's exceptions is appealable and,
(2) Whether a slip and fall resulting in injuries to a patient comes within the purview of the medical malpractice act (LSA-R.S. 40:1299.41).
Plaintiff alleges that he was injured while a patient at Erath General Hospital. He claims that when he attempted to use the bathroom facilities in his hospital room, he slipped and fell on a fluid which workmen in an adjoining room were using to strip floors. Plaintiff filed suit against defendant hospital and its liability insurer, claiming that the hospital's negligence was the cause of his accident and resulting injuries. The defendant hospital filed dilatory and peremptory exceptions asserting that plaintiff's claim came under the medical malpractice act and that, as a result, plaintiff had to present his claim to a medical review board before filing suit. The trial court overruled defendant's exceptions and granted a stay of proceedings pending defendant's appeal.
The first issue we must decide is whether an appeal lies from the judgment complained of. Although plaintiff (appellee) does not raise this issue, a premature appeal will be dismissed by an appellate court ex proprio motu. Louisiana National Bank v. Hebert, 398 So.2d 632 (La.App. 4 Cir.1981); Dillon v. State, 322 So.2d 351 (La.App. 2 Cir.1975); Gay v. Gay, 193 So.2d 537 (La.App. 3 Cir.1967). The denial of dilatory and peremptory exceptions is an interlocutory judgment which cannot be appealed unless there is a showing of irreparable *581 injury. Sylvester v. St. Landry Parish Police Jury, 401 So.2d 688 (La.App. 3 Cir.1981); First National Bank of Shreveport v. Crawford, 426 So.2d 1348 (La.App. 2 Cir.1983); LSA-C.C.P. Art. 2083. In Cashio v. Baton Rouge General Hospital, 378 So.2d 182 (La.App. 1 Cir.1979), the court found that the overruling of the hospital's exception of prematurity resulted in irreparable injury and was appealable. In that case, as in the present one, the substance of the exception was that the suit was premature because plaintiffs had commenced their action without first presenting their complaint to a medical review board as required by LSA-R.S. 40:1299.41 et seq. The court concluded that to require defendant to forego the benefits of the medical review panel would visit irreparable injury on defendant. We concur in this conclusion and hold that, in the present case, the trial court's overruling of defendant's exceptions is appealable.
We next turn our attention to the propriety of the court's decision to overrule defendant's exceptions. The trial court apparently concluded that defendant's accident and resulting injuries were not covered by the medical malpractice act. We agree.
As concerns the question of whether plaintiff's complaint falls within the scope of the medical malpractice act, the sole point of dispute is whether plaintiff's accident was a result of "malpractice" as defined by the medical malpractice act. Malpractice is defined under the act as:
"... any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient, and also includes all legal responsibility of a health care provider arising from defects in blood, tissue, transplants, drugs and medicines, or from defects in or failures of prosthetic devices, implanted in or used on or in the person of a patient."
Under the statute, the tort must be based on health care or professional services. In the present case, the tort was not based on health care services or professional services that were rendered or should have been rendered to plaintiff. We are aware that the act broadly defines health care as:
"... any act, or treatment performed or furnished, or which should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient's medical care, treatment or confinement."
Nevertheless, we think that the negligent actions of defendant which plaintiff alleges in his petition do not fall within this definition. None of the factual averments of plaintiff's petition disclose any substantial relationship between plaintiff's fall and any acts which defendant hospital should have performed on behalf of plaintiff as a patient in its facility. There is no allegation that plaintiff's accident was caused by or is in any way related to his medical treatment.
An examination of the jurisprudence shows that our courts have found malpractice to include such things as: an unidentified employee tripping over an IV tube in the x-ray room; Wyble v. St. Luke General Hospital, 415 So.2d 622 (La.App. 3 Cir. 1982); failure to provide clean and sterile conditions resulting in a fatal staph infection, Cashio v. Baton Rouge General Hospital, supra; malfunction of a medical life support system, Renz v. Ochsner Foundation Hospital/Clinic, 420 So.2d 1008 (La. App. 5 Cir.1982). All of the examples noted above involve breaches of duty more directly associated with the provision of medical care than that with which the present case is concerned. In fact, in Cashio, the First Circuit used the example of a slip and fall case as a type of tort case that would not come within the purview of the medical malpractice act.
A fair reading of the medical malpractice act leads us to conclude that plaintiff's cause of action, as alleged, is not covered by it. Moreover, because the medical malpractice act constitutes a special legislative provision in derogation of the *582 general rights available to tort victims, the act must be strictly construed. Williams v. St. Paul Insurance Companies, 419 So.2d 1302 (La.App. 4 Cir.1982), writ denied, 423 So.2d 1182 (La.1982). The trial court was correct in overruling defendant's exceptions.

DECREE
For the foregoing reasons, the decision of the trial court is affirmed.
Costs of this appeal are assessed against defendant-appellant.
AFFIRMED.