525 So.2d 1182 (1988)
Susan Stapler, Wife of/and Everett STAPLER
v.
ALTON OCHSNER MEDICAL FOUNDATION.
No. 87-CA-852.
Court of Appeal of Louisiana, Fifth Circuit.
May 16, 1988.
Monroe & Lemann, Perry R. Staub, Jr., New Orleans, for defendant-appellant.
*1183 Don Almerico, Roma Plunkett, St. Rose, for plaintiffs-appellees.
Before CHEHARDY, C.J., and KLIEBERT and DUFRESNE, JJ.
CHEHARDY, Chief Judge.
Defendant, Alton Ochsner Medical Foundation (Ochsner), appeals from a judgment denying its dilatory exception of prematurity. The exception was urged in response to a petition for damages brought by plaintiffs, Susan and Everett Stapler, for alleged injuries they received as a result of a slip and fall Mrs. Stapler experienced while a patient at Ochsner. We affirm.
The issue raised by the appeal is whether the Medical Malpractice Act, LSA-R.S. 40:1299.41 et seq., applies to the facts of this case.
According to plaintiffs' petition, Mrs. Stapler entered Ochsner on July 26, 1985 for tests. As a result of an adverse reaction to the dye used in a myelogram performed on her, Mrs. Stapler developed a severe headache and was given a prescription for pain and a medication to help her sleep. On July 27, 1985, while under the influence of the medications, Mrs. Stapler attempted to go to the bathroom, at which time she slipped on pear juice and fell to the floor.
The petition further alleges Mrs. Stapler's fall and injuries were solely and proximately caused by defendant's negligence, in particular, but not limited to the defendant's acts in knowingly allowing a condition to exist which created an unreasonable risk of harm to patients; in failing to implement sufficient safeguards and maintenance standards to protect patients; in failing to properly train and supervise its employees; in failing to fulfill its duty to provide efforts to clean up the floor when a patient's condition creates a forseeable risk of harm from a substance on the floor; in failing to perform in a reasonable and proper manner; and any and all other acts of negligence to be shown at trial.
Plaintiff's suit was filed on July 24, 1986. Defendant responded by filing a dilatory exception of prematurity alleging the facts of plaintiffs' petition asserted a cause of action under LSA-R.S. 40:1299.41 et seq., otherwise known as the Medical Malpractice Act, and urging dismissal of the suit based on plaintiffs' failure to present the claim to a medical review panel. The trial judge heard arguments on the exception on September 9, 1987, following which the exception was denied.
On appeal defendant contends the language of the plaintiffs' petition asserts a malpractice action within the definition of LSA-R.S. 40:1299.41(A)(8) in that it alleges a tort based on health care or professional services. Defendant further contends that in reaching its decision the trial judge mistakenly relied on the case of Head v. Erath General Hosp., Inc., 458 So.2d 579 (La. App. 3 Cir.1984), writ denied 462 So.2d 650 (La.1985). In that case the court held that a slip-and-fall accident sustained by a patient in a hospital which is unrelated to medical or health care does not come within the provisions of the Medical Malpractice Act.
In rebuttal, plaintiffs argue their petition asserts a slip-and-fall accident similar to the one which occurred in the Head case. Plaintiffs further allege the facts, as elicited by the deposition testimony of the sole eyewitness, show the accident resulted from the defendant's housekeeping negligence as opposed to negligence involving health care.
The provisions of the Medical Malpractice Act require all malpractice claims against covered health care providers to be submitted to a review board prior to institution of suit. LSA-R.S. 40:1299.47(A); R.S. 40:1299.47(B); R.S. 40:1299.41(E). R.S. 40:1299.41(A)(8) contains the definition of "malpractice" as it relates to R.S. 40:1299.41 et seq. Although amended twice since inception of the act in 1975, the definition in effect at the time this accident occurred states:
"`Malpractice' means any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient, and also includes all legal responsibility *1184 of a health care provider arising from defects in blood, tissue, transplants, drugs and medicines, or from defects in or failures of prosthetic devices, implanted in or used on or in the person of a patient."
"Health Care" is defined in R.S. 40:1299.41(A)(9) as "any act, or treatment performed or furnished, or which should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient's medical care, treatment or confinement."
The defendant in the Head case, relied on by the trial judge herein, filed exceptions of prematurity, no cause of action and no right of action to plaintiff's petition which alleged he slipped and fell while he was a patient at the hospital. Plaintiff there contended the fall was caused by a fluid which seeped into the bathroom facilities from an adjoining room where workers were stripping the floor. The court found the plaintiff's allegations asserted a cause of action unrelated to medical or health care, and affirmed the trial court ruling denying defendant's exceptions.
In reaching its decision the court reviewed prior jurisprudence which found a cause of action for malpractice in factual situations involving: an employee tripping over an IV table in the x-ray room, Wyble v. St. Luke General Hospital, 415 So.2d 622 (La.App. 3 Cir.1982); failure to provide clean and sterile conditions resulting in a fatal staph infection, Cashio v. Baton Rouge General Hosp., 378 So.2d 182 (La. App. 1 Cir.1979); and malfunction of a medical life support system, Renz v. Ochsner Foundation Hospital/Clinic, 420 So. 2d 1008 (La.App. 5 Cir.1982). Those cases, the court noted, involved breaches of duty more directly associated with medical care than the case before it.
The court in Head considered the merits of defendant's exception of prematurity solely on the facts as alleged in the plaintiffs' petition. Here plaintiffs contend their petition likewise is sufficiently drafted to assert a cause of action in ordinary negligence. However, plaintiffs also argue that if the petition is found deficient in that regard, the deposition testimony of Anna Soarez, who witnessed the accident and preceding events, clarifies those facts.
The dilatory exception of prematurity allows for the introduction of evidence to support or controvert the exception. LSA-C.C.P. art. 930. Although we agree that the deposition may reveal facts which would exclude the claim from the Medical Malpractice Act, our review of the record discloses the deposition was neither filed nor introduced into the record. Despite the fact that both parties refer to the deposition in their briefs and defendant attached a copy of the deposition to its brief, we cannot take notice of it since facts which are not made part of a record may not be considered by the appellate court. Discon v. Saray, Inc., 265 So.2d 765 (La.1972); King v. National Bank of Bossier City, 420 So.2d 1024 (La.App. 5 Cir.1982). Thus, the question of defendant's entitlement to a medical review board depends on the petition itself.
The allegations of plaintiffs' petition here assert that Mrs. Stapler's injuries were caused by a fall due to a substance on the floor. They further maintain the fall was due to the hospital's negligence in failing to remove the spilled pear juice. While there is some reference to Mrs. Stapler's medicated state, the tenor of the petition taken as a whole presents a cause of action for ordinary negligence as opposed to a breach of a duty directly associated with her medical care, similar to the Head case. And, like the Head court, we find such an accident does not come within the ambit of the Medical Malpractice Act. Consequently we find the trial judge did not err in denying defendant's dilatory exception of prematurity.
Accordingly, the judgment of the trial court is hereby affirmed. Costs of this appeal are to be paid by appellant.
AFFIRMED.