|2WILLIAM V. REDMANN, Judge pro tem.
Dr. Rene Dunlap appeals a judgment overruling her exception of prematurity[2] to a medical malpractice claim not first presented to a medical review panel.
The Medical Malpractice Act, R.S. 40:1299.41 et seq., requires, for entitlement to its benefits of limited liability and medical panel review before suit, that a health care provider shall first have “qualified” by (1) filing proof of financial responsibility (e.g., insurance) for the first $100,000 of possible *889 future liability, and (2) paying a surcharge to the patient’s compensation fund (which then becomes alone liable for the balance of recoverable damages from malpractice).
Dr. Dunlap complied with the first but not the second step for qualification.
We affirm the overruling of her exception.
Dr. Dunlap argues primarily[3] that, as an “employee” of another chiropractor, who was a fully-qualified health care provider, she too has the entitlements of a qualified health care provider, citing R.S. 40:1299.41(A) and cases like Renz v. Ochsner Foundation Hospital/Clinic, 420 So.2d 1008 (La.App. 5th Cir.1982). We disagree.
Renz v. Ochsner dealt exclusively with the liability of two Ochsner entities, the hospital and the clinic, both conceded to be qualified under the Act. Plaintiff unsuccessfully argued that the Uclaim was not governed by R.S. 40:1299.41, because based on liability without fault (for the “malfunction of a medical life support system”). The opinion notes that hospital employees are indeed health care providers, under § 1299.41(A)(1), but it does not say that they are qualified health care providers; and whether the “unknown and unnamed” and unsued Ochsner employee who connected the system to the patient was “qualified” was not at issue.
(Nor is Butler v. Flint Goodrich Hosp., 607 So.2d 517 (La.1992), helpful. It mentions release of the hospital and “its employee,” a nurse anesthetist, for $100,000; but it does not indicate whether that employee was qualified.)
The case in point is Jones v. Crow, 633 So.2d 247, 250 (La.App. 1st Cir.1993), in which an exception of prematurity by an employee of a qualified-provider physician was overruled on the ground that the employee had not qualified under the statute:
[Defendant [employee] is a “health care provider” under LSA-R.S. 40:1299.41 in that she is a licensed practical nurse. However, our inquiry does not end here. We must determine whether defendant is “qualified” under the Act so as to bring her within the protections of the Act.
R.S. 40:1299.42(A), Jones continues, requires both the proof of $100,000 financial responsibility and payment of the surcharge assessed by § 1299.44. Because the employee showed neither, she was held not qualified and therefore not protected by the Act.
Dr. Dunlap did not pay the annual surcharge required, in addition to showing $100,000 financial responsibility, to become qualified. She is therefore not qualified, and she is not protected by the Medical Malpractice Act, notwithstanding that she is a health care provider and maybe employed by a qualified health care provider.
The judgment is affirmed. Costs of this appeal are assessed to Dr. Dunlap.
AFFIRMED.

. It also overruled a similar exception by an entity which may be a trade name of chiropractor Dr. Blair (who was not sued nor later joined), but which has no legal capacity or even existence and which we hereafter ignore.

. Wc preliminarily reject Dr. Dunlap’s further argument that surcharges for employees of a qualified provider would give the patient's compensation fund a “windfall” of extra surcharges for no extra liability. She theorizes the fund would have to pay for the employer’s vicarious liability, so including employees in the protection does not add any extra expense. That is a mistaken theory. Even if a medical clinic were liable for the malpractice of its doctors, an insurer could not charge the same premium for a one-doctor "clinic” as for a 200-doctor clinic; and it is no "windfall” to the insurer to collect more premium to underwrite 200 doctors' rather than one doctor's risks. The Act's scheme charges each doctor (or other health care provider) individually, for protection even when the clinic may not have vicarious liability (the doctors may not be its “servants”). That scheme creates no windfall.