11WOODARD, Judge.
Dr. William D. Zeichner, defendant in a medical malpractice action, appeals a judgment dissolving the medical review panel. For the following reasons, we affirm.
FACTS
On May 7, 1990, Robert McCallister asserted a medical malpractice claim against Dr. William D. Zeichner on the basis of an alleged act of malpractice. Mr. William P. Crews, Jr., was selected as attorney chairman of and formed a medical review panel. On August 13,1992, Mr. Crews informed Mr. McCallister’s attorney and provided him with a copy, by certified mail, of the opinion of the medical review panel. The opinion contained only a bare conclusion and had no written reasons attached.
On August 16, 1993, Mr. McCallister’s attorney requested that Mr. Crews provide written reasons for the opinion, as required by law. Mr. Crews asked the parties whether anyone had any objections to him doing so. Counsel for the ^defendant agreed that written reasons should be provided to correct any oversight. Mr. Crews later advised McCallister’s attorney that he had timely received his request for written reasons. Notwithstanding, written reasons were never received by either party.
Mr. McCallister filed a Petition to Dissolve the Medical Review Panel, alleging that the panel was unable to carry out its duties as provided for by law. Mr. McCallister based his suit for dissolution on the failure of the medical review panel to provide separate written reasons for the Panel’s opinion.
The trial court rendered judgment on May 13, 1995, dissolving the medical review panel after finding that the panel was unable to carry out its duties as provided by law.
Dr. William D. Zeichner appeals this judgment.
DISCUSSION
The appellant, Dr. Zeichner, contends that: (1) plaintiffs counsel received proper notification of the opinion of the medical review panel; and, (2) plaintiffs cause of action has prescribed. A claimant must bring his medical malpractice claim for medical review within one year of the date of the discovery of the alleged malpractice, and in all events within three years from the day the alleged malpractice occurred. La.R.S. 9:5628. Once a medical malpractice claim is filed with the Patient’s Compensation Fund Oversight Board, the time within which suit must be instituted is suspended. La.R.S. 40:1299.47A(2)(a). The period of suspension terminates after ninety days have elapsed following the notification to the claimant or his attorney of the issuance of the opinion by the Medical Review Panel. La.R.S. 40:1299.47A(2)(a). However, if the medical review panel does not fulfill its duties, a suit may be brought to dissolve the panel, under which circumstances the suspension of prescription will terminate sixty days after receipt by the claimant or his attorney of the final order dissolving the medical review panel. La.R.S. 40:1299.47K.
Mr. McCallister filed his request for a medical review panel on May 7, 1990, alleging that an act of malpractice occurred on May 8, 1989. Plaintiffs attorney received notification of the opinion of the medical review panel on August 16, 1993. If Mr. McCallister’s attorney received proper notification on August 16, 1993, then 13the suspension of the running of prescription would have terminated ninety days thereafter. On the other hand, if the notification was not proper, then prescription remains suspended *850 until sixty days after the claimant receives the final order dissolving the medical review panel.
La.R.S. 40:1299.47 sets forth the duties of the medical review panel, one of which is to render an opinion in writing and signed by the panelists. La.R.S. 40:1299.47G states:
The panel shall have the sole duty to express its expert opinion as to whether or not the evidence supports the conclusion that the defendant or defendants acted or failed to act within the appropriate standards of care. After reviewing all evidence and after any examination of the panel by counsel representing either party, the panel shall, within thirty days but in all events within one hundred eighty days after the selection of the last panel member, render one or more of the following expert opinions, which shall be in writing and signed by the panelists, together with written reasons for their conclusions:
(1) The evidence supports the conclusion that the defendant or defendants failed to comply with the appropriate standard of care as charged in the complaint.
(2) The evidence does not support the conclusion that the defendant or defendants failed to meet the applicable standard of care as charged in the complaint.
(3) That there is a material issue of fact, not requiring expert opinion, bearing on liability for consideration by the court.
(4) Where Paragraph (2) above is answered in the affirmative, that the conduct complained of was or was not a factor of the resultant damages. If such conduct was a factor, whether the plaintiff suffered: (a) any disability and the extent and duration of the disability, and (b) any permanent impairment and the percentage of the impairment.
Because La.R.S. 40:1299.47 constitutes a special legislative provision and is in derogation of the general rights available to tort victims, the statute must be strictly construed. Head v. Erath General Hosp., Inc., 458 So.2d 579 (La.App. 3 Cir.1984), writ denied, 462 So.2d 650 (La.1985). Using strict construction as required by law, we find that Subsection G defines the medical review panel’s duty as one of rendering an opinion “together with written reasons;” thus, the opinion is not complete without Rthe written reasons, and the medical review panel has not fulfilled its duty. We, therefore, find that, as the medical review panel failed to carry out its duties, the trial court acted correctly in dissolving the panel. La.R.S. 40:1299.47K.
Section 1299.47K also provides that when a medical review panel is dissolved, the suspension of the running of prescription ceases sixty days after receipt by the claimant or his attorney of the final order dissolving the medical review panel. As the final order dissolving the medical review panel had not been issued as of the time of the trial, the trial court was also correct in denying Dr. Zeichner’s plea of prescription.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. The costs of this appeal are assessed against the appellant.
AFFIRMED.