# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-627


**JOHN HENRY TAYLOR, ET UX.**

**VERSUS**

**CHRISTUS HEALTH SOUTHWESTERN LOUISIANA**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2003-6422
HONORABLE WILFORD D. CARTER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*


## OSWALD A. DECUIR
## JUDGE

\*\*\*\*\*\*\*\*\*\*


Court composed of Sylvia R. Cooks, John D. Saunders and Oswald A. Decuir, Judges.

**Cooks, J., concurs and assigns reasons.**

**REVERSED**.

**Russell T. Tritico, Sr.**
**Attorney at Law**
**714 Pujo Street**
**Lake Charles, LA 70601**
**(337) 436-6648**
**Counsel for Plaintiff/Appellee:**
    **John Henry Taylor**
    **Brenda Taylor**

**Ann M. Halphen**
**Adams and Reese, L.L.P.**
**450 Laurel Street, Suite 1900**
**Baton Rouge, LA 70801**
**(225) 336-5200**
**Counsel for Defendant/Appellant:**
    **Christus Health Southwestern Louisiana**

**DECUIR, Judge.**

John Henry Taylor and his wife, Brenda Taylor, filed suit against Christus Health Southwestern Louisiana, d/b/a Christus St. Patrick Hospital of Lake Charles ("Christus"), seeking damages for injuries sustained by Mr. Taylor while he was a patient at the hospital. Christus filed an exception of prematurity asserting plaintiffs' claims fall within the Medical Malpractice Act, and plaintiffs failed to file with the medical review panel as required under La.R.S. 40-:1299.41 *et seq.* The trial court overruled the exception, and Christus has appealed that adverse ruling. For the following reasons, we reverse.

The allegations of the petition state that Mr. Taylor was a patient at Christus Hospital on November 28 and 29, 2002. An angioplasty was performed, and Mr. Taylor was recuperating in a hospital room. Because he wanted to take a shower, he started removing the monitor leads which were attached to his body. A nurse's aide entered the room, asked what he was doing, then left, stating "she would return shortly with some help." The petition alleges Mr. Taylor waited for the aide to return, but when she did not, he proceeded to shower on his own in the bathroom located in his room. Mr. Taylor slipped and fell when he exited the shower, suffering a broken hip. At the time suit was filed, Mr. Taylor was anticipating a total hip replacement.

The original petition asserted two acts of negligence on the part of the hospital: failing to properly monitor Mr. Taylor and failing to equip the hospital room with a bath mat on the interior or exterior of the shower. Subsequent to the filing of the defendant's exception of prematurity, the plaintiffs amended their petition so as to remove the factual assertion concerning the aide's offer to get assistance and the allegation of negligence in failing to adequately monitor the patient. Several weeks later, the plaintiffs filed a second amending petition whereby they reasserted the allegations of the original petition and urged negligence in the failure to assist Mr.

Taylor in the shower. A hearing on the defendant's exception was held, and the trial court issued its ruling in the plaintiffs' favor. Nevertheless, the plaintiffs subsequently filed a third amending petition, once again removing the allegations of negligence in failing to properly monitor or assist Mr. Taylor.

In this appeal, the plaintiffs contend the filing of the third amended petition renders moot the allegation of negligence in failing to monitor or assist Mr. Taylor. We disagree. At issue herein are the allegations of the second amending petition. We decline to consider any pleadings filed after the signing of the judgment before us in this appeal.

The term "malpractice" is defined in the Medical Malpractice Act, La.R. S. 40:1299.41(A)(8), as:

> any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient, including failure to render services timely and the handling of a patient, including loading and unloading of a patient, and also includes all legal responsibility of a health care provider arising from acts or omissions in the training or supervision of health care providers, or from defects in blood, tissue, transplants, drugs and medicines, or from defects in or failures of prosthetic devices, implanted in or used on or in the person of a patient.

Similarly, "health care" is defined at La.R. S. 40:1299.41(A)(9) as:

> any act, or treatment performed or furnished, or which should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient's medical care, treatment or confinement.

If the provisions of the Medical Malpractice Act apply in this case, then the plaintiffs' failure to request submission to a medical review panel prior to filing suit render the petition premature. La.R. S. 40:1299.47.

In determining whether the circumstances of this case, as alleged in the petition, fall under the confines of the definitions quoted above, we look to the jurisprudence. The Louisiana Supreme Court in *Coleman v. Deno,* 01-1517 (La.

2

1/25/02), 813 So.2d 303, articulated several considerations for determining whether a claim is governed by the medical malpractice statute. Those factors include, for instance, whether the alleged wrong is "treatment related" or caused by want of professional skill, involved an assessment of the patient's condition, or was within the scope of activities a hospital is licensed to perform. Also relevant is whether expert medical evidence will be required to determine the appropriate standard of care.

In *Dominick v. Rehabilitation Hospital of New Orleans,* 97-2310 (La.App. 4 Cir. 4/15/98), 714 So. 2d 739, the plaintiff slipped and fell on a wet floor in the hospital kitchen, while walking with a small walker and with the aid of a physical therapist. The plaintiff alleged negligence on the part of the hospital. The hospital's exception of prematurity was granted; the court held the injury occurred during the rendition of health care and was subject to statutory malpractice procedure, even though the plaintiff alleged alternative theories of liability.

In *Harris v. Sternberg,* 01-1827, 01-2170 (La.App. 4 Cir. 5/22/02), 819 So. 2d 1134, *writ denied,* 02-1617 (La. 9/30/02), 825 So. 2d 1198, the plaintiff fell off a scale in a doctor's office and alleged that the scale had not been properly secured by the doctor's staff. Applying the factors of *Coleman v. Deno,* the court found that the incident involved medical malpractice as the injury occurred during the rendition of medical services.

In support of their argument that the malpractice act does not apply in this case, the plaintiffs cite *Stapler v. Alton Ochsner Medical Foundation,* 525 So. 2d 1182 (La.App. 5 Cir. 1988), and *Head v. Erath General Hospital,* 458 So. 2d 579 (La.App. 3 Cir. 1984), *writ denied,* 462 So. 2d 650 (La.1985). In both cases, hospital patients were injured in slip and fall accidents, but both plaintiffs slipped on a foreign

3

substance on the floor. The courts concluded that the accidents were not related to the rendition of medical services.

With regard to the particular facts alleged in this case, we find the failure of the hospital nursing staff to monitor or assist a post-surgical elderly patient who has expressed a desire to take a shower must be analyzed under the medical malpractice laws of this state. Likewise, with regard to the absence of a bath mat near the shower, we find the act of properly equipping a hospital room's private bathroom should be addressed within the confines of medical malpractice. The actions and inactions of the nursing staff will be considered. An assessment of Mr. Taylor's post-surgical status may be examined. Issues of hospital procedure might arise. Expert testimony on nursing practices and hospital equipment may be relevant. In short, the plaintiffs' allegations of negligence belong in the medical malpractice arena.

Accordingly, we find error in the judgment rendered below and reverse. The defendant's exception of prematurity is hereby maintained, and the plaintiffs' petition is dismissed at their cost.

**REVERSED**.

4

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

04-627

JOHN HENRY TAYLOR, ET UX.

VERUS

CHRISTUS HEALTH SOUTHWESTERN LOUISIANA

**COOKS, J., concurs in result**

I agree with the majority opinion requiring the Plaintiff to first submit the claims against the hospital relating to patient care, ie, failing to properly monitor Mr. Taylor and failing to assist Mr. Taylor into the shower. However, the Plaintiff also alleges negligence on the part of Christus St. Patrick for failure to properly equip the hospital bathroom with a bath mat. This allegation of negligence standing alone does not fall within the confines of "health care" as defined by in the Medical Malpractice Act. Health care is defined in La.R.S. 40:1299.41(A)(9) as "any act, or treatment performed or furnished, or which should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient's medical care, treatment or confinement."

The Louisiana Supreme Court in *Coleman v. Deno*, 01-1517 (La.1/25/02), 813 So.2d 303, "articulated several considerations for determining whether a claim is governed by the medical malpractice statute. Those factors include, for instance, whether the alleged wrong is 'treatment related' or caused by want of professional skill, involved an assessment of the patient's condition, or was within the scope of activities a hospital is licensed to perform. Also relevant is whether expert medical evidence will be required to determine the appropriate standard of care." Failure to properly equip the hospital bathroom with a mat is not treatment related, is not caused by want of professional skill, does not involve an assessment of the patient's

condition and expert medical testimony is not required to determine the appropriate standard of care. *See Stapler v. Alton Ochsner Medical Foundation*, 525 So.2d 1182 (La.App. 5 Cir. 1988) and *Head v. Erath General Hospital*, 458 So.2d 579 (La.App. 3 Cir. 1984), *writ denied*, 462 So.2d 650 (La.1985).

However, according to Plaintiff's petition the fall would not have occurred had the Plaintiff been properly assisted and monitored despite the absence of a bath mat. The allegations against the hospital relating to patient care are intricately connected to the question of causation. We cannot resolve the causation question by focusing only on the absence of a mat in the bathroom. The entire sequence of events leading up to the fall is relevant to an proper resolution of the causation question.