| DUFRESNE, Judge.
This is an appeal by St. Charles Parish Hospital, defendant-appellant, from a judgment denying its motion to extend the life of a medical review panel convened in this medical malpractice action. Because we find no abuse of the trial judge’s discretion in denying this motion, we affirm that judgment.
The facts of record are as follows. On July 7, 1997 Mark Chaisson initiated a medical malpractice action on his and his three children’s behalf pursuant to La. R.S. 40:1299.47. Apparently an attorney chairman was notified of his appointment on November 6, 1997, because in a joint motion to extend the life of the panel, filed on October 7, 1998, both parties represented that the panel was to expire on November 6, 1998. That joint motion was granted and the panel was extended until May 6, 1999. On April 28, 1999, defendant hospital filed another motion to extend the panel for an additional six months, but this motion was opposed by plaintiff. This motion was denied by the trial judge on grounds that he saw no ^compelling reason to extend the panel. The hospital now appeals this judgment.
As a preliminary matter, plaintiff urges that the judgment is not appealable. We disagree. Although a medical review panel is an atypical proceeding in that it does not result in any enforceable resolution of the disputes between the parties, it is nonetheless legally mandated as a precursor to a malpractice suit, unless the parties agree to dispense with it.
*797 We find no jurisprudence addressing the issue here, i.e. whether a judgment denying an extension of a panel’s time is ap-pealable. However, a similar issue was raised in Head v. Erath General Hosp., Inc., 458 So.2d 579 (La.App. 3rd Cir.1984). There, suit was filed by plaintiff before convoking a panel, and the hospital urged an exception of prematurity. The trial judge overruled the exception, and the hospital appealed. The court noted that the defendant was entitled to such a panel, and concluded that to compel it to answer the suit without benefit of the panel would constitute irreparable harm. As such, it was appealable under La Code Civ. Pro., Art.2083. We agree with this reasoning. Here, as in Head, supra, the judgment would cause irreparable harm in that it would preclude the defendant from access to the panel’s opinion prior to suit. We therefore hold that the judgment is appeal-able.
Turning to the merits of the appeal, section B(l)(b) of the above statute provides:
However, with respect to an act of malpractice which occurs after September 1, 1983, if an opinion is not rendered by the panel within twelve months after the date of notification of the selection of the attorney chairman by the executive director of the selected attorney and all other parties pursuant to Paragraph (1) of Subsection C of lathis Section, suit may be instituted against a health care provider covered by this Part. However, either party may petition a court of competent jurisdiction for an order extending the twelve month period provided in this Subsection for good cause shown. After the twelve month period provided for in this Subsection or any court ordered extension thereof, the medical review panel established to review the claimant’s complaint shall be dissolved without the necessity of obtaining a court order of dissolution.
The inquiry here is thus whether the trial judge abused his discretion in determining that the hospital did not show good cause for extending the panel’s life.
The only statement provided the trial judge in support of the motion for extension was as follows:
That this is a Medical Review Panel proceeding; that a complaint has been filed with Patient’s Compensation Fund: that an attorney chairman has been appointed; that all parties have submitted position papers, however; that the panel has not yet convened and that additional time will be required in order to do so.
No explanation for the delay was provided or alleged, and no hearing was requested. In this circumstance, we are unable to say that the trial judge abused his discretion in ruling against the extension.
The hospital’s argument, reduced to its essentials, is that whenever a panel fails to rule within the allotted time period, that fact alone constitutes “good cause” for an extension. We reject this reading of the statute. If the Legislature had so intended, the statute would simply have recited that either party could obtain an extension on a showing that the panel had not yet ruled. The insertion of the requirement for “good cause” clearly mandates some additional showing in order for a judge to grant the extension. Because no other cause was even alleged in the hospital’s papers, we conclude that denial of the motion was not an abuse of trial judge’s discretion.
|4For the foregoing reasons, the judgment denying appellant’s motion to extend the life of the medical review panel at issue here is affirmed.
AFFIRMED.