J^SUSAN M. CHEHARDY, Judge.
This suit involves a claim for medical malpractice, in which the plaintiff seeks damages for the death of his wife on May 1, 1996.[1] On this appeal the defendants seek review of the trial court’s denial of their motion to extend the life of a medical review panel convened to review the plaintiffs allegations against two of the alleged tortfeasors. We affirm, finding no abuse of discretion.
This proceeding began on August 16, 2000 with a Petition to Allot Case for Discovery, in which the State of Louisiana and Doctors James McKinnie and John Andress asserted that the plaintiff, Jeffrey Wallace, had instituted a medical review panel proceeding on June 6, 2000 pursuant to La.R.S. 40:1299.39.1. The defendants sought the protection of the Medical Malpractice Act and requested that the court allot them a case number and division for the filing of compulsory process for the purposes of discovery to obtain evidence for presentation before the medical review panel.
|sOn September 15, 2000 plaintiff filed a petition to remove the case to federal court. On November 7, 2000 the federal district court ordered that the matter be remanded to the state court, because the plaintiff had added Drs. McKinnie and An-dress as defendants in his federal suit and a medical review panel proceeding had to be instituted on the claims against them.
On January 28, 2002 the defendants filed a Motion to Extend Medical Review Panel Deadline, which was granted. The deadline was extended from February 22, 2002 to August 22, 2002.
On February 28, 2002 the plaintiff filed a second petition for removal of the case to federal court. The defendants filed a motion to remand; on April 25, 2002, the federal court granted the motion and again remanded the matter to the state court.
On April 29, 2002 defendants filed a Motion to Amend and to Reset the Motion to Extend Medical Review Panel Deadline. On August 15, 2002 the trial court granted the motion and extended the deadline to November 22, 2002.
On November 8, 2002 the defendants filed a third motion to extend the medical review panel deadline. On November 21, 2002 the trial denied that motion. At the hearing the trial judge commented that he agreed with the plaintiffs position and stated:
This has gone on long enough and there’s no guarantee that even if I was able to take the requested action and took that action, that these doctors would be in a different position than the last group of doctors. But this has just *859 gone on too long now and I’m going to deny the motion.
Defendants have taken a suspensive appeal.
On November 21, 2002 the district court rendered judgment that denied the request for a further extension of the November 22, 2002 deadline. Defendants 14filed a Motion For New Trial And To Reconsider, which was denied on December 2, 2002, whereupon they filed this sus-pensive appeal.
In this Court, defendants assert the trial court abused its discretion in denying the motion to extend the medical review panel deadline, which denied the appellants the opportunity to have their claim reviewed by a medical review panel in accordance with La.R.S. 40:1299.39.1.
La.R.S. 40:1299.39.1 provides for medical review panel in claims against the state, its agencies, or other persons covered by that part. It gives the medical review panel one year within which to render its opinion, but permits the panel to be extended for good cause shown.
La.R.S. 40:1299.39.1(B)(l)(b) states that if an opinion is not rendered by the panel within 12 months after the date of notification of the selection of attorney chairman, suit may be instituted. The statute provides, however, that either party may petition a court of competent jurisdiction for an order extending the twelve-month period “for good cause shown.” After the 12-month period or any court-ordered extension thereof, the state medical review panel shall be dissolved without the necessity of obtaining a court order of dissolution.
In a case such as this, the inquiry is whether the trial judge abused his discretion in determining that the hospital did not show good cause for extending the panel’s life. In re Medical Review Panel Initiated by Mark Gerard Chiasson, 99-671, p. 3 (La.App. 5 Cir. 11/30/99), 749 So.2d 796, 797.
The reasons given by defendants for requesting the first extension were that nominees had been unable to serve due to conflicts of interest; there had been delays in completing discovery; the case was pending in federal court; and there | ¿was difficulty obtaining experts in defendants’ area of specialty, electrophysiology, in Louisiana.[2]
In the second request for extension, defendants cited the remand of the federal case to state court and difficulty in completing discovery — allegedly due to noncompliance by plaintiff and plaintiffs counsel — as the grounds for requesting the second extension.
In the third request for extension, the defendants stated that defense counsel had been contacted by the attorney chairman of the medical review panel, who advised that the panel members had excused themselves from the panel due to their lack of experience and qualification regarding electrophysiology. Thus, the panel would not be able to complete its opinion within the established time frame. Defendants also repeated that there had been delay in forming the panel because of nominees having conflicts of interest and because of the case in federal court. They sought more time in order to find new panel members with the appropriate expertise.
*860 In opposition to the appeal plaintiff asserts that the defendants have not shown that they are entitled to the appointment of a “brand new” panel to review this case. Plaintiff points out that defendants waived their right to select one panel member and did not object to the appointments of panel members made by the panel chairman. Plaintiff argues that the work of the panel is complete and there is no need to extend the deadline because the panel selected has indicated that it cannot give an opinion due to lack of qualifications and because defendants are not entitled to form a new panel. Plaintiff argues the trial court recognized this and correctly denied the third extension.
| fiPlaintiff also contends that defendants have tried to distort the record with allegations that are not true. He notes that the medical review panel was already formed, with all its members, as of September 5, 2000. On that date the panel chairman set an October 4, 2002 deadline for the submission of evidence. On September 19, 2002 the panel chairman substituted one of the panel members due to a conflict of interest. Plaintiff asserts there was nothing stopping defendants from going forward with the administrative panel review, even though plaintiff removed this case to federal court when defendants filed their motion for the first extension.
In reviewing the record and the arguments, we are unable to say the trial court abused its discretion. The matter was in the medical review panel process from June 6, 2000 until November 22, 2002. The composition of the panel changed several times, as nominees refused to serve or dropped out due to conflicts of interest and, later, as they determined they had insufficient knowledge of the defendants’ specialty. We deem it within the court’s discretion to find there the panel should be dissolved.
For the foregoing reasons, the judgment is affirmed. Costs of this appeal are assessed against the appellants.

AFFIRMED.

. According to documents in the record, plaintiff’s claim centers around the drug Cor-dorone, which was administered to his wife while she was in the West Jefferson Medical Center and which she continued taking by prescription following her discharge from the hospital. Plaintiff alleges that the medication was improperly prescribed in too large a dosage and that it intensified toxic effects of another medication plaintiff's wife was taking, so that she experienced ventricular tachycardia.

. We note that this medical specialty is spelled several ways in pleadings and documents in the record: electrophysiology; elec-trophysicology; electrophysiciology. An Internet search reveals websites that use each; we were unable to determine whether any of the variants was incorrect. Accordingly, we have selected the first as the spelling we prefer to use.