492 So.2d 233 (1986)
Dalton REAUX, Sr., et al., Plaintiffs-Appellants,
v.
OUR LADY OF LOURDES HOSPITAL, et al., Defendants-Appellees.
No. 85-529.
Court of Appeal of Louisiana, Third Circuit.
July 21, 1986.
Rehearing Denied August 19, 1986.
Writ Denied October 31, 1986.
Sylvia R. Cooks, Lafayette, for plaintiffs-appellants.
Watson, Blanche, Debra A. Templett, Baton Rouge, for defendants-appellees.
Before GUIDRY, FORET and LABORDE, JJ.
LABORDE, Judge.
Plaintiffs, Dalton Reaux, Sr., Allen Reaux, Calvin Reaux, Raymond Reaux, Dalton Reaux, Jr., Alvin Reaux, Mary Ann Reaux Castille, Marlene Reaux Thomas, Marcella Reaux Charles, and Shirley Reaux Lukan, instituted this proceeding against defendants, Our Lady of Lourdes Hospital and an unnamed insurer, to recover damages allegedly sustained through the *234 wrongful death of plaintiffs' decedent, Nola Reaux. Plaintiffs appeal a judgment which sustained, on the basis of the Louisiana Medical Malpractice Act, the hospital's exception of prematurity. The defendants had excepted to plaintiffs' demand because it was not first presented to a medical review panel.
The petition alleges that "the deceased was brutally assaulted, raped, and battered" while hospitalized in the defendant's facility and that the patient subsequently died as a result of the attack. It further alleges that the death resulted from the "tortious acts" of the hospital, i.e., failing to provide the decedent, while helpless in the hospital's custody, with proper monitoring, care, and security from intruders.
The plaintiffs contend that the acts complained of did not constitute medical malpractice within the purview of the statute and that presentation to a medical review panel was unnecessary. We agree.
The Louisiana Medical Malpractice Act[1] requires that all malpractice claims against health care providers be reviewed by a medical review panel before being filed in court.[2]
The definition of a "health care provider" in subsection A(1) of Section 1299.41 of Title 40 specifically includes a hospital. A certificate of enrollment in the record reveals that this defendant was enrolled as such from November 1, 1980 to November 1, 1984. The deceased was assaulted on August 4, 1984.
Subsection A(8) of Section 1299.41 provides in part as follows:
"`Malpractice' means any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient...."
Section 1299.41 A(7) provides in part:
"`Tort' means any breach of duty or any negligent act or omission proximately causing injury or damage to another."
And subsection A(9) of Section 1299.41 states:
"`Health care' means any act, or treatment performed or furnished, or which should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient's medical care, treatment or confinement."
Under the statute, the tort must be based on health care or professional services. The tort alleged here was not based on health care services or professional services that were rendered or should have been rendered to plaintiffs' decedent. We recently ruled that a slip and fall suffered by a patient in a hospital does not constitute a tort based on services that should have been rendered by a health care provider for purposes of the Louisiana Medical Malpractice Act. Head v. Erath General Hospital, Inc., 458 So.2d 579 (La.App. 3d Cir. 1984), writ denied, 462 So.2d 650 (La.1985). Our enumeration in Head of more typical acts of medical malpractice is relevant here:
"An examination of the jurisprudence shows that our courts have found malpractice to include such things as: an unidentified employee tripping over an IV tube in the x-ray room; Wyble v. St. Luke General Hospital, 415 So.2d 622 (La.App. 3 Cir.1982); failure to provide clean and sterile conditions resulting in a fatal staph infection, Cashio v. Baton Rouge General Hospital, [378 So.2d 182 (La.App. 1 Cir.1979)], malfunction of a medical life support system, Renz v. Ochsner Foundation Hospital/Clinic, 420 So.2d 1008 (La.App. 5 Cir.1982). All of the examples noted above involve breaches of duty more directly associated with the provision of medical care than that with which the present case is concerned."
Head, 458 So.2d at 581.
We hold that the allegations of plaintiffs' petition do not make out a case of medical *235 malpractice. Consequently, the Louisiana Medical Malpractice Act does not require that this claim be presented to a medical review panel. The hospital's exception of prematurity was improperly granted.
For the above and foregoing reasons, the judgment of the trial court is reversed and the case is remanded. Costs on appeal shall be assessed upon adjudication of the merits.
REVERSED AND REMANDED.
NOTES
[1] LSA-R.S. 40:1299.41-1299.48.
[2] Except where there is a valid agreement by the parties for arbitration.