LeBLANC, Judge.
This appeal is from a district court judgment overruling a declinatory exception raising the objection of no subject matter jurisdiction, a dilatory exception raising the objection of prematurity, and a peremptory exception raising the objection of no right of action. We affirm.
*763 Sydney Joseph Klingman, Jr., plaintiff-appellee, a patient at the East Louisiana State Hospital, alleges he was attacked at that facility by another patient in January, 1990, and suffered the loss of his left eye and multiple contusions and abrasions. He filed suit against the other patient and the hospital through the Department of Health and Hospitals, State of Louisiana. The State of Louisiana, defendant-appellant, filed declinatory, dilatory and peremptory exceptions. The State raised the objection of no subject matter jurisdiction, contending under La.R.S. 40:1299.39.-lB(l)(a)(i), plaintiff must first present his complaint to a state medical review panel. Because the claim had not been presented, nor a decision rendered by, a medical review panel, the State claimed the district court had no jurisdiction over the subject matter. The State also argued the plaintiff had no right of action to assert the claim and that the claim was premature.[1]
The district court overruled the exceptions, finding “this is not a claim arising out of the rendition of services by a medical care provider.” The State appealed, assigning as error the determination that the claim did not arise out of the furnishing of medical care. They argue that plaintiff’s petition alleges the State breached the duty owed to the plaintiff to protect plaintiff from other patients. The State contends this assertion by the plaintiff could only be prevented by restraint of the aggressor patient and that because restraint is a medical decision, plaintiffs complaint is a medical malpractice question.
Malpractice Liability for State Services, La.R.S. 40:1299.39A(3), defines patient as:
[A] natural person who receives, or should have received, health care from a person covered by this Part and any other natural person or persons who would or may have a claim or claims for damages under applicable law arising out of, or directly related to, the claim or claims of the natural person who receives, or should have received, health care from a person covered by this Part.
Health care is defined in La.R.S. 40:1299.39A(6) as:
[A]ny act or treatment which was performed or furnished or which should have been performed or furnished by any person covered by this Part for, to, or on behalf of, a patient during the medical care, treatment or confinement of the patient.
Malpractice is defined in La.R.S. 40:1299.39A(4) as:
[T]he failure to exercise the reasonable standard of care specified and required by Subsection B of this Section, in the provision of health care, when such failure proximately causes injury to a patient, as provided in Subsection B of this Section.[2]
The State submits that the plaintiff was a patient at the time of the alleged attack. The State goes on to argue.that because restraint of the aggressor patient is the only method which could have been utilized to protect plaintiff, and because restraint is a medical therapy, La.R.S. 28:171D, it is a medical malpractice question if the aggressor patient was properly unrestrained.
In Head v. Erath General Hosp., Inc., 458 So.2d 579 (La.App. 3rd Cir.1984), writ denied, 462 So.2d 650 (1985), the plaintiff sought to recover for injuries sustained while a patient in Erath General Hospital. However, the Third Circuit held the patient’s slip and fall injuries were not within the scope of the medical malpractice act, as the accident was not a result of “malpractice”. In Reaux v. Our Lady of Lourdes Hosp., 492 So.2d 233 (La.App. 3rd Cir.), writ denied, 496 So.2d 333 (1986), the Third Circuit again distinguished between injuries as a result of rendition of health care or professional services and other injuries.
In 1988 the Legislature amended La.R.S. 40:1299.39B(2), expressing specific limits to *764 the use and application of La.R.S. 39:1299, as follows:
A patient injured must fall within the specific class of persons legislatively intended, by the purpose and design of this Section, to be protected against such breaches of the standard of reasonable care set forth in this Subsection, the resulting injury must be of the kind specifically intended and designed by this Section to be prevented by the standard of reasonable care set forth in the Subsection, and the resulting injury and the damages sought therefor must fall within the type of injury and damages for which a recovery is allowable by the purpose and intent of this Section in light of the particular legislative provisions, findings, and purposes expressed in this Section.
In the instant case, although the plaintiff was a “patient” at the hospital, he is not in the class of persons intended, by this Section, to be covered. His injuries were not alleged to be from health care or professional services he received or should have received. The injuries alleged here are based on the acts of another patient. Because the Medical Malpractice Act is a special legislative provision in derogation of the general rights available to tort victims, coverage under the Act must be strictly construed. Sewell v. Doctors Hosp., 600 So.2d 577 (La.1992). The plaintiff does not fall within the class of persons covered by the Act. Consequently, the Medical Malpractice Act does not require that this claim be presented to a medical review panel. The State’s exceptions were properly overruled.
Costs of this appeal in the amount of $323.00 are assessed against defendant-appellant.
AFFIRMED.

. We note that the proper procedural vehicle for objecting to a party’s failure to present a malpractice claim to a medical review panel prior to filing suit is by the dilatory exception raising the objection of prematurity. See, Jarrell v. American Medical Intern., Inc., 552 So.2d 756 (La.App. 1st Cir.1989), writ denied, 556 So.2d 1282 (1990).

. Subsection B requires the standard of care shall be the same as that required to be proven under the provisions of La.R.S. 9:2794.