MARC E. JOHNSON, Judge.
| j,Plaintiff/Appellant, Samuel Alexander, appeals the sustaining of a dilatory exception of prematurity in favor of Defendants/Appellees, Dr. Rhonda Shaw-Halder, DDS and Haider Creative Smiles Dental, Inc. (hereinafter referred to as “Creative Smiles”), from the 24th Judicial District Court, Division “J”. For the following reasons, we reverse and remand the matter to the trial court for further proceedings.
FACTS AND PROCEDURAL HISTORY
According to the pleadings and exhibits, in 2007, Mr. Alexander consulted with Dr. Shaw-Halder of Haider Creative Smiles Dental, Inc. and retained her for cosmetic dental procedures and treatments for his teeth, including but not limited to installation of veneers and dental implants. At some later time, Mr. Alexander began to experience problems with his teeth, which included detached veneers and | implants. In August of 2009, Mr. Alexander sought care from another dental professional who informed him that the detached veneers and implants he was experiencing were due to improper material and workmanship.
On October 24, 2009, Mr. Alexander filed a request for a medical review panel with the Louisiana Patient’s Compensation Fund (hereinafter referred to as “PCF”) for the alleged malpractice of Dr. Shaw-Halder and Creative Smiles. In response, PCF sent Mr. Alexander’s attorney a letter notifying him that his request failed to provide the dates of the alleged medical malpractice and a brief description of the alleged injuries. PCF advised Mr. Alexander that its office had no record of Creative Smiles; therefore, Creative Smiles was not considered a qualified medical provider. PCF further advised Mr. Alexander that he had to submit a corrected request with the specified information within 30 days of the notice in order to maintain his original filing date. Mr. Alexander was also warned that the notice did not suspend the one year time frame to appoint an attorney chairman, which began to run from the date the request was filed and failure to appoint an attorney chairman would result in a waiver of the panel process.
Mr. Alexander submitted a letter dated May 22, 2010, requesting a medical review panel for review of the alleged medical malpractice of Dr. Shaw-Halder and Creative Smiles. In this request, he asserted that he consulted with Dr. Shaw-Halder in 2007 and provided a more in-depth description of his injuries. PCF sent Mr. Alexander’s attorney another notice acknowledging receipt of the “amendment” to the panel request. PCF informed Mr. Alexander that he failed to provide the date or dates of the alleged malpractice and noted that it needed, at least, the month and year to determine qualification. Again, PCF advised Mr. Alexander that he had to submit a corrected request with the specified information within 30 days of the date of the notice in order to maintain his original filing date Land an attorney chairman had to be appointed within one year of the date the request was filed in order to avoid the waiver of the panel process
*1103 On July 29, 2010, PCF mailed a letter to Mr. Alexander’s attorney indicating that the medical malpractice panel request would be dismissed due to the failure to appoint an attorney chairman within one year from October 24, 2009, the date of the filing. PCF advised that the attorney chairman had to be chosen by agreement of all parties or through the striking process, and it had to be immediately notified if the strike process was to be initiated. However, even if the strike process was to be used, the attorney chairman still had to be chosen and appointed prior to one year from the filing date. Subsequently, on October 25, 2010, PCF mailed a letter to Mr. Alexander’s attorney notifying him that the medical malpractice panel request had been closed due to the failure to appoint an attorney chairman, and the parties were deemed to have waived the use of the medical review panel. PCF further advised that the filing of a request for a medical review panel suspended the time for within which suit must be filed until 90 days after the claim had been dismissed.
Mr. Alexander filed a petition for damages against Dr. Shaw-Halder and Creative Smiles on April 7, 2011. In his petition, Mr. Alexander alleged he was caused unnecessary and undue pain and expenses due to the negligence of Dr. Shaw-Halder and/or Creative Smiles.for the following: failing to provide proper dental services and procedures; failing to properly use material and improper workmanship; breaching the applicable standard of care owed by dental professionals to patients; and other acts of negligence to be shown at trial. Mr. Alexander further alleged that his medical review panel request was dismissed on October 25, 2010, without the rendering of an opinion because Dr. Shaw-Halder | fiand Creative Smiles failed to cooperate with or participate in the medical review panel process.
In opposition, Defendants filed a peremptory exception of prescription, and in the alternative, a dilatory exception of prematurity. In the memorandum, Defendants alleged Mr. Alexander’s claims were premature because they were not first reviewed by a medical review panel as required by LSA-R.S. 40:1299.41, et seq., of the Louisiana Medical Malpractice Act (hereinafter referred to as “MMA”). Defendants averred that the medical review panel process never commenced because Mr. Alexander’s complaint failed to provide the statutorily mandated minimum information, e.g., date of the alleged malpractice, or provide an attorney chairman. Defendants contended the PCF’s dismissal of Mr. Alexander’s complaint was procedurally improper and in violation of their due process rights because it was never determined whether or not Dr. Shaw-Halder was entitled to a review panel for the alleged acts of negligence. Also, Defendants contended that Mr. Alexander’s failure to comply with the MMA precluded the PCF from performing its mandatory ministerial duty of providing notice to all parties of Dr. Shaw-Halder’s qualified status, and thus, stripped Dr. Shaw-Halder of her due process right to a medical review panel.
A hearing was held on July 22, 2011 before the trial court on the exceptions of prescription and prematurity. In a judgment rendered on August 3, 2011, the trial court overruled the peremptory exception of prescription[1]; however, the trial court *1104 sustained the dilatory exception of prematurity. Consequently, the trial court dismissed Mr. Alexander’s lawsuit without prejudice. Subsequently, the motion |nfor the instant appeal was filed by Mr. Alexander on August 24, 2011 and was granted. Afterwards, the PCF filed a petition of intervention on September 6, 2011, which was granted on September 29, 2011.
ASSIGNMENTS OF ERROR
On appeal, Mr. Alexander raises the following assignments of error: 1) the trial court was manifestly erroneous in dismissing a party defendant that was not a qualified healthcare provider, and 2) the trial court was manifestly erroneous in failing to require the PCF to form a medical review panel through the sustaining of the exception of prematurity.
LAW AND ANALYSIS

Petition of Intervention

Before addressing Mr. Alexander’s assignments of error, we will first focus on the PCF’s involvement in this matter. For this appeal, the PCF filed an original appellee brief and raised assignments of error for this Court to review. However, we will not acknowledge the PCF as a party to this appeal.
LSA-C.C.P. art. 2088 states jurisdiction of the trial court over all matters in a case reviewable under an appeal is divested, and the jurisdiction of the appellate court attaches upon the granting of the order of appeal and the timely filing of the appeal bond, if applicable. The article proceeds to provide enumerated exceptions to the trial court’s divestiture of jurisdiction when an appeal is granted.
Here, Defendants’ dilatory exception of prematurity was sustained on August 3, 2011, and Mr. Alexander’s petition was dismissed. The motion for appeal filed by Mr. Alexander was granted on August 24, 2011. The petition for intervention for the PCF was filed on September 6, 2011, and was granted by the trial court on September 29, 2011. At the time the trial court granted the PCF’s petition, it had been divested of its jurisdiction over matters reviewable under the |7appeal. The granting of a petition for intervention by the trial court is not one of the enumerated exceptions to the divestiture of the trial court’s jurisdiction and is a matter reviewable under the appeal because it added the PCF as a party to the lawsuit after the lawsuit had been dismissed. Third parties may intervene in pending actions. See LSA-C.C.P. art. 1091. However, at the time of the filing of the PCF’s petition, there was no pending action at the trial court level in which to intervene because the case had been dismissed. Therefore, the trial court did not have the jurisdiction to grant the PCF’s petition. (Cf. Stroud v. Liberty Mut. Ins. Co., 429 So.2d 492, 497 (La.App. 3 Cir.1983), writ denied, 437 So.2d 1147 (La.1983), where the Louisiana Third Circuit held there was no “pending action” in which insured’s uninsured motorist carrier could intervene as against one driver and her insurer where that driver and insurer had been dismissed from insured’s lawsuit nine days prior to filing of intervention). Accordingly, we will not consider the PCF as an appellee to this appeal or address its brief because it was not a party to lawsuit at the time the ruling before us was rendered.[2]

*1105
General Precepts of Law

The functions of the dilatory exception, such as prematurity, raise the objection that a judicial cause of action has not come into existence because some prerequisite condition has not been fulfilled. Floyd v. East Bank Consol. Fire Protection Dist. For Parish of Jefferson, 09-780 (La.App. 5 Cir. 4/13/10); 40 So.3d 160, 163, writ denied, 10-1094 (La.9/3/10); 44 So.3d 689. A suit is premature if it is brought before the right to enforce the claim sued upon has accrued. Id. Prematurity is determined by the facts existing at the time a suit is filed. Id.
IsLSA-R.S. 40:1299.41, et seq., sets forth the limitations of liability for “qualified health care providers” and provides a procedural framework for the litigation of medical malpractice claims. W.P. v. Universal Health Services Foundation, 11-801 (La.App. 5 Cir. 3/27/12); 91 So.3d 1097, citing, Delcambre v. Blood Systems, Inc., 04-561 (La.1/19/05); 893 So.2d 23. The MMA’s procedural requirements and limitations of liability apply only to medical malpractice claims. Id. No action against a health care provider covered under the MMA, or the insurer, may be commenced in any court before the plaintiffs proposed complaint has been presented to a medical review panel. LSA-R.S. 40:1299.47(B)(l)(a)(i). If the plaintiff fails to submit the claim to a medical review panel before the institution of the suit, then the appropriate procedural remedy is a timely filed exception of prematurity. W.P. v. Universal Health Services Foundation, supra, citing Blevins v. Hamilton Med. Ctr., Inc., 07-127 (La.6/29/07); 959 So.2d 440.

Assignment of Error Number 1

Mr. Alexander argues the trial court was clearly erroneous in dismissing his claims against Creative Smiles through the exception of prematurity because Creative Smiles was not a qualified healthcare provider at any material time; thus, Creative Smiles was not subject to the provisions of the MMA. Mr. Alexander contends that, since Creative Smiles was not classified as a qualified provider by the PCF, it cannot be subject to an exception of prematurity until it can demonstrate that it was a qualified healthcare provider under LSA-R.S. 40:1299.41.
Defendants’ appellee brief failed to address the specifics of this assignment of error.
| c|LSA-R.S. 40:1299.41, et seq., sets forth the limitations of liability for “qualified health care providers.” W.P. v. Universal Health Services Foundation, supra. Within LSA-R.S. 40:1299.41, a list of the types of qualified health care providers is included in the definition.
On November 3, 2009, the PCF notified Mr. Alexander that Creative Smiles was not a qualified health care provider within the provisions of LSA-R.S. 40:1299.41. Creative Smiles did not dispute its non-qualified health care provider status. Consequently, the procedural prerequisites of the MMA did not apply to Creative Smiles, and it was not entitled to a medical review panel decision prior to the filing of Mr. Alexander’s suit. Therefore, we find the trial court was erroneous in sustaining the dilatory exception of prematurity in favor of Creative Smiles because it is not a qualified health care provider.

Assignment of Error Number 2

Mr. Alexander alleges the trial court was manifestly erroneous in failing *1106 to require the PCF to form a medical review panel because it did not address which medical review panel request, the October or the May request, was the operative request that triggered the commencement of the prescriptive period. Mr. Alexander contends that his October request for a medical review panel was a relative nullity that should have neither triggered the provisions of the MMA nor interrupted prescription because it did not comply with the requirements of the statute. However, Mr. Alexander further contends that his May request for a medical review panel was timely filed and was a valid request that interrupted the tolling of prescription, and that request satisfied his legal obligation to present his complaint before a medical review panel prior to filing a lawsuit. Mr. Alexander also alleges the trial court was manifestly erroneous in not ordering the PCF to convene a medical review panel when it sustained the exception of prematurity. | inMr. Alexander argues that the judgment as it exists leaves him in a curious state of procedural limbo where he is unable to proceed with either the completion of the medical review panel process (because the complaint has been dismissed by the PCF) or proceed with his medical malpractice claim through a lawsuit.
In opposition to Mr. Alexander’s arguments, Defendants aver the trial court was correct in its ruling because Mr. Alexander never filed a valid request for a medical review panel, as the October and May requests were deemed insufficient by the PCF. Additionally, Defendants aver that Mr. Alexander’s' argument is flawed because the statute does not require that a medical review panel merely be requested prior to filing suit, but it requires that the claims be presented for review prior to filing suit.[3]
We agree with Mr. Alexander that the trial court did not directly express which medical review panel request was used in its determination to trigger the commencement of the prescriptive period. However, from the record, we can make the conclusion that the trial court considered the October medical review panel request as the triggering request that commenced prescription. During the hearing for the exceptions for prescription and prematurity, the trial judge provided reasons for ruling in favor of Defendants by stating,
With regard to the exception of prematurity, Dr. Haider is a qualified healthcare provider and they do have to go through the panel. The panel was actually never formed, so the fault of it, from all indications, was the plaintiff[’]s for not submitting an attorney chairman.
The October 24, 2009, request was used by the PCF as the initial claim request date that triggered the one-year prescriptive period to appoint an attorney [^chairman. The trial court simply affirmed the PCF’s determination to not form a medical review panel on the basis that no attorney chairman had been appointed within one year of the submission of the request. Additionally, according to LSA-R.S. 40:1299.47(A)(2)(b), the request for review of a malpractice claim under that section shall be deemed filed on the date of receipt of the request stamped and certified by the division of administration or on the date of mailing of the request if mailed to *1107 the division of administration by certified or registered mail upon timely compliance, which occurred on October 24, 2009 with the first request in this matter. The other medical review panel requests were amendments to the October request, as opposed to new requests, since the PCF had not dismissed the initial October request due to insufficiency.[4]
Thus, we determine from the record that the October 24, 2009, request triggered the one-year prescriptive period to appoint an attorney chairman and do not find the trial court erred in applying that date to this matter. We will now review the trial court’s sustaining of the exception of prematurity on the basis that an attorney chairman had not been timely appointed.
Pursuant to LSA-R.S. 40:1299.47(A)(2)(c),
An attorney chairman for the medical review panel shall be appointed within one year from the date the request for review of the claim was filed. Upon appointment of the attorney chairman, the parties shall notify the board of the name and address of the attorney chairman. If the board has not received notice of the appointment of an attorney chairman within nine months from the date the request for review of the claim was filed, then the board shall send notice to the parties by certified or registered mail that the claim will be dismissed in ninety days unless an attorney chairman is appointed within one year from the date the request for review of the claim was filed. If the board has not received notice of the appointment of an attorney chairman within one year from the date the request for review of the claim was filed, then the board shall promptly send notice to the parties by certified or registered mail that the claim has been dismissed for failure to appoint an attorney chairman and the parties |12shall be deemed to have waived the use of the medical review panel. The filing of a request for a medical review panel shall suspend the time within which suit must be filed until ninety days after the claim has been dismissed in accordance with this Section. (Emphasis added).
In this instance, the record reflects the PCF notified the parties through the letter dated July 29, 2010, that the medical review panel request would be dismissed if an attorney chairman had not been appointed within one year of the filing date. After the year had lapsed, the PCF sent a letter to the parties on October 25, 2010 notifying the parties that the request had been dismissed. Pursuant to LSA-R.S. 40:1299.47(A)(2)(c), it was incumbent upon the parties (both plaintiff and defendant) to appoint an attorney chairman. If no appointment is made within the time allotted, then the request for the medical review panel is deemed to be waived by both parties. (See, Turner v. Willis Knighton Medical Center, 46,988 (La.App. 2 Cir. 2/29/12); 87 So.3d 209, where the Louisiana Second Circuit similarly concluded “the directives for the accomplishment of the attorney chairman are now aimed at all the ‘parties,’ ” and held the parties waive the use of the medical review panel if they do not take the steps for the appointment of the attorney chairman). Because neither party took the steps to appoint an attorney chairman, both parties waived the use of the medical review panel. Contrary to Mr. Alexander’s contention, there is no need to remand the matter to the PCF. Accordingly, the case is ripe to proceed to *1108 the trial court without a rendering of an opinion from the medical review panel.
Therefore, we find the trial court erred in sustaining the dilatory exception of prematurity on the basis that Mr. Alexander did not appoint an attorney chairman within the one-year prescriptive period.
11SDECREE
For the foregoing reasons, we reverse the trial court’s sustaining of the dilatory exception of prematurity as to Creative Smiles Dental, Inc. In regard to the sustaining of the dilatory exception of prematurity for Dr. Rhonda Shaw-Halder, we reverse the trial court’s ruling and remand the matter for further proceedings. Dr. Rhonda Shaw-Halder and Creative Smiles Dental, Inc. are assessed the costs of this appeal.

REVERSED AND REMANDED

. Defendants filed a supervisory writ application, Samuel Alexander v. Dr. Shaw-Halder and Haider Creative Smiles Dental, 11-830 (La.App. 5 Cir. 12/7/11) (unpublished writ disposition), JJ. Johnson, Rothschild, Wicker, writ denied, 11-2645 (La.3/2/12), 84 So.3d 530, requesting review of the overruling of the denial of the exception of prescription. We declined to exercise our supervisory jurisdiction and denied the writ. Subsequently, *1104 the supreme court also denied the writ. Defendants did not seek further review of the trial court's ruling denying the exception of prescription in this appeal; thus, it is not on review before us.

. It is noted that, even if the PCF was a proper party to this appeal, we would not *1105 consider its assignment of error requesting a revision or modification of the trial court’s judgment because it did not file an answer to the appeal. See LSA-C.C.P. art. 2133.

. In addition to the opposition arguments, Defendants also notes to this Court that Mr. Alexander had filed a third medical review panel request on July 5, 2010. Defendants argue the third request was also invalid. However, there is no direct evidence of the third request in the appellate record, and we cannot consider documentation not admitted into evidence. See Denoux v. Vessel Mgmt. Services, Inc., 07-2143 (La.5/21/08); 983 So.2d 84, 88.

. It is apparent the PCF deemed the October 24, 2009 request to be sufficient at some point subsequent to the May request because it was not dismissed as an insufficient request.