| | | |
|---|---|---|
| **CYNTHIA PEED** | * | **NO. 2024-CA-0263** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **CHERIE LESAICHERRE, CHERIE P. LESAICHERRE, DDS, LLC, DACHIELL A. ROWDON, TRUSTEE OF THE DACHIELL A. ROWDON EXEMPT TRUST, JON S. D'AZZO, TRUSTEE OF THE JON SHEFFIELD D'AZZO EXEMPT TRUST, AND ABC INSURANCE COMPANY** | *<br><br>*<br><br>* * * * * * * | **FOURTH CIRCUIT**<br><br>**STATE OF LOUISIANA** |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-11376, DIVISION "C"
Honorable Sidney H. Cates, Judge
* * * * * *
**Judge Daniel L. Dysart**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Joy Cossich Lobrano, Judge Dale N. Atkins)

**LOBRANO, J., CONCURS IN PART, DISSENTS IN PART, AND ASSIGNS REASONS**


Rene Paul Frederick
Jeanne M. Mauldin
RENE FREDERICK & ASSOCIATES, LLC
222 N. Vermont Street
Covington, LA 70433


COUNSEL FOR PLAINTIFF/APPELLANT

Guice A. Giambrone, III
Ivana Dillas
BLUE WILLIAMS, L.L.P.
3421 North Causeway Boulevard
Suite 900
Metairie, LA 70002-3760


COUNSEL FOR DEFENDANT/APPELLEE


**AFFIRMED**

**NOVEMBER 4, 2024**

*DLD*
*DNA*

In this personal injury action, the plaintiff, Cynthia Peed ("Ms. Peed"), appeals the trial court's judgment maintaining a dilatory exception of prematurity in favor of the defendants, Dr. Cherie LeSaicherre and Cherie P. LeSaicherre, DDS, LLC (hereinafter sometimes collectively referred to as "Dr. LeSaicherre"), and the denial of her motion for new trial. For the following reasons, we affirm the trial court's judgment.

**BACKGROUND**

On January 27, 2022, Ms. Peed presented for a dental appointment at Dr. LeSaicherre's office. While she was seated in the examination chair during a procedure, an overhead dental examination light fell and struck Ms. Peed, causing injuries to her face and eye. As a result of the injuries she sustained, Ms. Peed has undergone several eye surgeries.

Ms. Peed filed a petition for damages on December 16, 2022, naming as defendants: Dr. LeSaicherre, Cherie P. LeSaicherre, DDS, LLC, as well as the property owners, Dachiell A. Rowdon, trustee of the Dachiell A. Rowdon Exempt

1

Trust, and Jon S. D'Azzo, trustee of the Jon Sheffield D'Azzo Exempt Trust, and ABC Insurance Company, named fictitiously as defendant's general liability carrier.[1] On February 23, 2023, Dr. LeSaicherre filed an exception of prematurity, alleging that Ms. Peed's claims fall under the Louisiana Medical Malpractice Act ("LMMA")[2] and must first be presented to a medical review panel. Ms. Peed opposed the exception arguing that her claims sounded in general negligence, rather than medical malpractice. A hearing on the exception was held on June 16, 2023. On June 16, 2023, the district court sustained the exception in open court. The district court issued a signed judgment on July 18, 2023, dismissing without prejudice all of Ms. Peed's claims against Dr. LeSaicherre.

On July 24, 2023, Ms. Peed filed a motion for new trial on the grounds that the judgment granting the exception of prematurity was contrary to the law and evidence. A hearing on the motion was held on September 29, 2023. The district court signed a judgment denying Ms. Peed's motion for new trial on December 21, 2023. Ms. Peed filed her appeal with this Court on February 16, 2024.

**DISCUSSION**

In her assignment of alleged errors, Ms. Peed contends that the "District Court was in error when it denied the Motion for New Trial despite evidence supporting that the judgment granting Defendant's Exception of Prematurity was contrary to the law and evidence in this case, and a miscarriage of justice."

---

[1] On December 20, 2022, Ms. Peed also filed a complaint against Dr. LeSaicherre with the Patient's Compensation Fund, alleging that Dr. LeSaicherre had breached the standard of care by medical professionals and committed medical malpractice.
[2] La. R.S. 40:1231.1, *et seq.*

The issue of whether a claim sounds in medical malpractice is a question of law conducted under a *de novo* standard of review. *See Matherne v. Jefferson Par. Hosp. Dist. No. 1*, 11-1147, pp. 3-4 (La. App. 5 Cir. 5/8/12), 90 So.3d 534, 536 (citation omitted). No action against a qualified healthcare provider may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel. *See* La. R.S. 40:1231.8 (B)(1)(a)(i).

"[A] medical malpractice claim against a qualified healthcare provider is subject to dismissal on a timely exception of prematurity if such claim has not first been reviewed by a pre-lawsuit medical review panel." *Dupuy v. NMC Operating Co.*, 15-1754, p. 3 (La. 3/15/16), 187 So.3d 436, 438 (citing La. R.S. 40:1231.8). The burden of proving prematurity is on the moving party, which, in a medical malpractice case, must show that it is entitled to the medical review panel because the allegations fall within the scope of the LMMA. *Kelleher v. Univ. Med. Ctr. Mgmt. Corp.*, 21-00011, pp. 3-4 (La. 10/10/21), 332 So.3d 654, 657 (citing *Dupuy*, 15-1754, p. 4, 187 So.3d at 439). Where no evidence is presented at the trial of a dilatory exception, "the court must render its decision on the exception based upon the facts as alleged in the petition, and all allegations therein must be accepted as true." *LaCoste v. Pendleton Methodist Hosp.*, 07-0008, 0016, p. 8 (La. 9/5/07), 966 So.2d 519, 525 (citing *Blakely v. Powers*, 590 So.2d 1286, 1290 (La. App. 1st Cir. 1991)).

An appellate court "reviews a ruling on a motion for new trial under an abuse of discretion standard of review." *Sunset Harbour, LLC v. Brown*, 22-0572,

3

p. 9 (La. App. 4 Cir. 1/9/23), 356 So.3d 1167, 1173 (citing *Jouve v. State Farm Fire & Cas. Co.*, 10-1522, p. 15 (La. App. 4 Cir. 8/17/11), 74 So.3d 220, 229). The party that files a motion for a new trial carries the burden to show that he or she is entitled to a new trial. *See Jackson v. Wise*, 17-1062, p. 18 (La. App. 1 Cir. 4/13/18), 249 So.3d 845, 856 (citation omitted). "[A] motion for a new trial based on the contention that a judgment is contrary to the law and evidence should be denied if the trial court's ruling is supportable by any fair interpretation of evidence, and a trial court judgment denying a motion for new trial should not be reversed unless the appellate court finds that the trial court abused its great discretion." *1137 N. Robertson, LLC v. Jackson*, 19-0553, pp. 7-8 (La. App. 4 Cir. 11/20/19), 364 So.3d 72, 77 (citing *FIE, LLC v. New Jax Condo. Ass'n, Inc.*, 16-0843, 17-0423, p. 23 (La. App. 4 Cir. 2/21/18), 241 So.3d 372, 391).

Under the LMMA, no action against a qualified healthcare provider can commence until the claimant's proposed complaint has been presented to a medical review panel. *See* La. R.S. 40:1231.1, *et seq*. In *Coleman v. Deno*, 01-1517, 1519, 1521, pp. 17-18 (La. 1/25/02), 813 So.2d 303, 315-16 (citations omitted), the Louisiana Supreme Court set forth six factors to determine if an action falls under the LMMA:

> [1] whether the particular wrong is treatment-related or caused by a dereliction of professional skill,
> [2] whether the wrong requires expert medical evidence to determine if the standard of care was breached,
> [3] whether the pertinent act or omission involved assessment of the patient's condition,
> [4] whether an incident occurred in the context of a physician-patient relationship, or was within the scope of activities which a hospital is licensed to perform,

[5] whether the injury would have occurred if the patient had not sought treatment, and
[6] whether the tort alleged was intentional.

*See also Harris v. Sternberg*, 01-1827, 2170, pp. 5-6 (La. App. 4 Cir. 5/22/02), 819 So.2d 1134, 1138.

Louisiana courts have held that any conduct by healthcare providers during medical treatment that can reasonably fall within the definitions of the LMMA must be handled under its procedures, even if alternative theories of liability are presented. *See Bolden v. Dunaway*, 97-1425, p. 5 (La. App. 1 Cir. 12/28/98), 727 So.2d 597, 600 (citations omitted); *W.P. v. Universal Health Servs. Found.*, 11-801, p. 10 (La. App. 5 Cir. 3/27/12), 91 So.3d 1097, 1102.

In the instant case, Ms. Peed was seated in an examination chair for a dental procedure when Dr. LeSaicherre allegedly mishandled an overhead dental examination light, causing it to fall and strike Ms. Peed in the face. The act in no way appears to be intentional. The injury would not have occurred had Ms. Peed not sought treatment. The injury occurred in the context of a physician-patient relationship during Dr. LeSaicherre's assessment of Ms. Peed's condition.

We also note that Dr. LeSaicherre has fulfilled all statutory requirements to qualify as a healthcare provider under the LMMA, including procuring the necessary insurance and enrolling in the Patient's Compensation Fund (PCF). *See Sewell v. Drs. Hosp.*, 600 So.2d 577, 578 (La. 1992).

In *Dupuy*, 15-1754, p. 14, 187 So.3d at 445, the Louisiana Supreme Court concluded that allegations regarding failure to sterilize medical equipment used to sanitize surgical instruments fall under the LMMA. Likewise, the First Circuit, in *Andrews v. Our Lady of the Lake Ascension Comm. Hosp., Inc.*, 13-1237, p. 5 (La. App. 1 Cir. 2/18/14), 142 So.3d 36, 39-40, affirmed the trial court's granting of the

defendant's exception of prematurity where a plaintiff claimed she was dropped by hospital staff when they attempted to move her from her bed to a wheelchair, holding that such handling of a patient is covered by the LMMA. Conversely, in *Williamson v. Hospital Service District No. 1 of Jefferson*, 04-0451, pp. 1-2 (La. 12/1/04), 888 So.2d 782, 784, the Supreme Court found that an incident involving a defective wheelchair wheel was distinguishable, as the effect was an obvious mechanical issue, not related to professional medical treatment.

The record, in the instant case, contains no evidence or even makes mention of a specific defect in the dental examination light. Ms. Peed's petition does not allege any intentional acts by Dr. LeSaicherre but focuses on her alleged negligence in handling medical equipment. Dr. LeSaicherre and her practice were qualified healthcare providers at the time of the incident and had met all statutory requirements under the LMMA. As such, we find that the trial court properly ruled that Ms. Peed's allegations necessitated a review by a medical review panel, as they pertain to the standard of care and professional skill required in medical treatment, and properly maintained Dr. LeSaicherre's exception of prematurity.

Ms. Peed has also failed to show that there was a "miscarriage of justice" to warrant a new trial. This matter was dismissed without prejudice requiring Ms. Peed to first proceed through a medical review panel to determine whether the dental examination light was properly handled during the procedure. Ms. Peed's medical review panel complaint has already been filed and is ongoing. She has not been deprived of any substantial rights, nor has there been a miscarriage of justice. Furthermore, Ms. Peed's motion for new trial was based on the contention that the trial court erred in granting Dr. LeSaicherre's exception of prematurity and we have already determined that the evidence in the record reflects that the trial court

properly sustained the exception. Accordingly, we find that the trial court did not abuse its wide discretion in denying Ms. Peed's motion for new trial.

**CONCLUSION**

Based on the above and foregoing reasons, we affirm the trial court's maintaining of Dr. LeSaicherre's exception of prematurity, as well as its denial of Ms. Peed's motion for new trial.


**AFFIRMED**